UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GIOVANTE PENDELTON,

Plaintiff,

v. Case No. 26-cv-1415-bhl

ANDREW BLACKBURN et al.,

Defendants.

**DECISION AND ORDER**

Plaintiff Giovante Pendelton is representing himself in this 42 U.S.C. §1983 case. On October 8, 2026, Pendelton filed a motion for an order requiring the Department of Corrections to transfer him to a different maximum security institution. Dkt. No. 9. He asserts that he has "been subjected to numerous constitutional violations" at Green Bay Correctional Institution. The Court will deny the motion.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683.

The nature of the relief Pendelton seeks—transfer to a different institution—is overly broad and intrudes on the Department of Corrections' authority to manage its institutions. The Supreme Court has repeatedly held that "prison officials have broad administrative and discretionary authority over the institutions they manage . . . ." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Where a prisoner is housed is a discretionary decision that is "the business of prison administrators

rather than of the federal courts." *Id.* To dictate where a prisoner must be housed would significantly interfere with and likely undermine the Department of Corrections' ability to manage its resources and maintain security in the institutions, thereby violating the PLRA's requirement that preliminary injunctive relief be narrowly drawn. The Court will therefore deny Pendelton's motion. As this case progresses, Pendelton may continue to consult with his provider and use the inmate complaint review system to raise concerns about the food he is being served.

**IT IS THEREFORE ORDERED** that Pendelton's motion for an emergency transfer to a new institution (Dkt. No. 9) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of October, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge